UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBRA J. KREMPA

                    Plaintiff,

     v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.

**DECISION
and
ORDER**

**17-cv-00540-LGF
(consent)**

---

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                             Attorneys for Plaintiff
                             ELIZABETH HAUNGS, of Counsel
                             6000 Bailey Avenue
                             Suite 1A
                             Amherst, New York 14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             HASEEB FATMI
                             Assistant United States Attorney, of Counsel
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York 14202, and

                             STEPHEN P. CONTE
                             Regional Chief Counsel
                             United States Social Security Administration
                             Office of the General Counsel, of Counsel
                             26 Federal Plaza
                             Room 3904
                             New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 13), to proceed before the undersigned. (Dkt. No. 13-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on January 28, 2018, by Plaintiff (Dkt. No. 9-1), and on April 30, 2018 by Defendant (Dkt. No. 12-1).

**BACKGROUND and FACTS**

Plaintiff Debra Krempa ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for Supplemental Security Income ("SSI") under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on August 10, 1959 (R. 181),[2] completed grade 11 in school, and alleges that she became disabled on July 7, 2013,[3] after fracturing her lumbar vertebrae during a fall. (R. 41).

Plaintiff's application for disability benefits was initially denied by Defendant on September 4, 2013 (R. 86), and pursuant to Plaintiff's request on December 14, 2015, a hearing was held before Administrative Law Judge Steven Cordovani ("Judge Cordovani" or "the ALJ") on August 4, 2015, in Buffalo, New York, at which Plaintiff, represented by Kelly Laga, Esq. ("Laga") appeared and testified. (R. 39-74).

---

[2] "R" references are to the page numbers in the Administrative Record electronically filed by the Defendant in this case for the Court's review. (Dkt. No. 7).
[3] Plaintiff's disability onset date was amended during Plaintiff's hearing on August 4, 2015. (R. 41).

2

Vocational expert Rachel Douchon ("VE"), also testified. (R. 74-85). The ALJ's decision denying Plaintiff's claim was rendered on October 14, 2015. (R. 19-33). Plaintiff requested review by the Appeals Council, and on April 19, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on June 15, 2017, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On January 28, 2018, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9-1) ("Plaintiff's Memorandum"). On April 30, 2018, Defendant filed a motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 12-1) ("Defendant's Memorandum"). Plaintiff's reply (Dkt. No. 13) ("Plaintiff's Reply"), was filed May 12, 2018. Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A. <u>Standard and Scope of Judicial Review</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law

judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v.*

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

*Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[5] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past

---

[5] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment.  20 C.F.R. §§ 404.1520(f), 416.920(f).  *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work").  If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment.  *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.      Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. § 404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in

substantial gainful activity since June 7, 2013, Plaintiff's alleged onset date of disability. (R. 21). Plaintiff does not contest this finding.

**C.     Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD"), status post fracture of

7

the lower spine, and right-hand osteoarthritis. (R. 21). Plaintiff does not contest the ALJ's step two disability findings.

## D. <u>Listing of Impairments</u>

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.02 (Major Dysfunction of a Joint), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 (Disorders of the Spine), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 3.02 (Chronic Respiratory Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.00 (Mental Disorders). (R. 23-24). Plaintiff does not contest the ALJ's step three findings.

## E. <u>Residual functional capacity</u>

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment

opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff was capable of performing light work that includes the ability to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and other respiratory irritants. (R. 24).

**Opinion of P.A. Galley**

Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff is without support of substantial evidence as the ALJ failed to include the findings of Physician Assistant Jill Galley ("P.A. Galley"), on Plaintiff's ability to sit, walk, stand and change position. Plaintiff's Memorandum at 10-14. Defendant maintains that the ALJ was not required to include P.A. Galley's opinion on Plaintiff's ability to walk and stand as such findings were P.A. Galley's recordings of Plaintiff's subjective complaints and did not, therefore, constitute a medical opinion. Defendant's Memorandum at 8-9. In further support of her alleged disability, Plaintiff argues that P.A. Galley's note described functional limitations that would preclude Plaintiff from being able to perform Plaintiff's past relevant work and thereby deem Plaintiff disabled. Plaintiff's Reply at 2. Plaintiff's argument on this issue is without merit.

To the extent that P.A. Galley accepted Plaintiff's subjective statements regarding her limitations, it is within the discretion of the ALJ to discount such medical findings. *See Ratliff v. Barnhart,* 92 Fed. App'x. 838, 840 (2d Cir. 2004) (ALJ may

9

discount opinions based on subjective complaints rather than first-hand observations). Contrary to Plaintiff's argument that the ALJ completely ignored P.A. Galley's opinion, Plaintiff's Memorandum at 12, the ALJ included discussion of Plaintiff's visit to P.A. Galley on April 9, 2014, noting that Plaintiff " . . . reported that she walked to her appointment, which did increase her pain . . . " (R. 29). The ALJ also included discussion of Plaintiff's visit to P.A. Galley on March 10, 2014, during which P.A. Galley noted that Plaintiff reported left ankle pain and swelling. (R. 28, 286). Plaintiff's motion on this issue is therefore without merit and is DENIED.

Plaintiff's further allegation that the ALJ's rejection of the opinion of Michael D. Calabrese, M.D. ("Dr. Calabrese"), provided the ALJ with no evidence upon which the ALJ was able to evaluate Plaintiff's residual functional capacity assessment, Plaintiff's Memorandum at 15-16, is also without merit. Contrary to Dr. Calabrese's finding that Plaintiff was only able to sit, stand, and walk for one half hour in an eight-hour workday and that Plaintiff's pain would result in Plaintiff being absent from work more than 4 days each month (R. 343-45), Plaintiff testified that she walks three blocks before needing to rest during the six block (half-mile) walk to her appointments with Dr. Calabrese (R. 52), walks two blocks to the store with her grandchildren two-to-three days each week (R. 57-58), and receives pain relief when she takes her medication. (R. 286-88). On August 23, 2013, Abrar Siddiqui, M.D. ("Dr. Siddiqui"), completed a consultative internal medical examination on Plaintiff that showed full flexion, extension, bilateral flexion and rotary movement of Plaintiff's lumbar spine. (R. 267-71). During a physical therapy treatment session on July 18, 2014, Plaintiff reported that she "fel[t] pretty good" (R. 316), and on July 24, 2014, that she "feels as though she's getting better." (R. 317).

The ALJ's residual functional capacity assessment of Plaintiff is therefore based on substantial evidence, and Plaintiff's motion on this issue is DENIED. *See* Discussion, *supra*, at 9-10.  Plaintiff's further contention, Plaintiff's Memorandum at 12-13, that the VE's testimony based on the ALJ's residual functional is error is also without merit and DENIED.  *See Slattery v. Colvin*, 111 F.Supp.3d 360, 376 (W.D.N.Y. 2013) (no error where VE testimony in response to hypothetical questions posed by the ALJ are based on ALJ's residual functional capacity assessment supported by substantial evidence). Plaintiff's motion on this issue is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 9-1) is DENIED; Defendant's motion (Doc. No. 12-1) is GRANTED.  The Clerk of Court is ordered to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  January 14, 2019
        Buffalo, New York